■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE CLEMONS, Appellant, v. VITO M. TERNULLO, as Superintendent of the Elmira Correctional Facility, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered June 7, 1972 in Chemung County, which dismissed a writ of habeas corpus, after a hearing. On September 23, 1971 relator was sentenced to a three-year indeterminate sentence on his plea of guilty to grand larceny third degree. On October 5, 1971 he was sentenced to a five-year indeterminate sentence on his plea of guilty to robbery second degree. The sentences were to run concurrently. On June 3, 1971, after a mental examination, the relator was found to be a narcotic addict. It is relator's contention, among others, that section 208 (subd. 4, par. b; subd. 5) of the Mental Hygiene Law is arbitrary and discriminates against narcotic addict-felons. With this contention we do not agree. Pursuant to section 208 (subd. 4, par. b) the court has the discretion of sentencing a felon-addict to an indeterminate sentence in a correctional institution or certifying him to the care and custody of the Narcotics Addiction Control Commission. Subdivision 5 of said section prohibits the court from suspending sentence. While the relator claims he was certified as an addict pursuant to paragraph b of subdivision 4, the record does not substantiate this. The record reveals that the court followed the prescribed statutory procedure. There is ample justification for the Legislature to distinguish between nonfelon addicts and felon addicts. (*Smith* v. *Follett,* 445 F. 2d 955.) There is nothing in the record to indicate that the courts in the instant case abused their discretion in sentencing defendant to a correctional institution. Nor is there any merit to relator's contention that the imposition of indeterminate sentences runs contrary to the legislative intent of article 9 of the Mental Hygiene Law. (See *People* v. *Reyes,* 26 N Y 2d 97.) Judgment affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.